# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AXIS SURPLUS INSURANCE COMPANY,** ) ) ) | |
| **Plaintiff,** ) ) | Civil Action Number |
| vs. ) ) | **2:18-cv-01068-AKK** |
| **DOMINGO VALLES, et al.,** ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

AXIS Surplus Insurance Company filed this action pursuant to 28 U.S.C. §§ 1332 (a) and 2201, seeking a declaration that it has no duty to defend or indemnify Centremarc Construction Company, LLC and Garcia Building Company, LLC for claims asserted against them in an underlying case Domingo Valles filed in state court. Doc. 1. Centremarc and Garcia Building both assert counterclaims against AXIS, seeking, among other things, a declaration that AXIS has a duty to defend them in the underlying lawsuit. Docs. 7 at 6-11; 46 at 16-27.

This action is presently before the court on Valles' and Garcia Building's motions to dismiss, docs. 14; 32, which Centremarc joins, doc. 39. For the reasons explained below, the court finds that (1) AXIS's claims regarding its duty to indemnify are not ripe, (2) AXIS's claims regarding its duty to defend do not meet

the amount in controversy requirement, and (3) Centremarc's and Garcia Building's counterclaims do not provide an independent basis for this court to exercise jurisdiction over this case.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss based on the defense that the court lacks subject-matter jurisdiction. "Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citation omitted). Facial attacks to jurisdiction are based on the allegations in the complaint, which the court must take as true in deciding whether to grant the motion. *Id.* "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleading," and the court may consider extrinsic evidence when deciding a factual attack to jurisdiction. *Id.* In such a case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 925 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

## II. GENERAL BACKGROUND

AXIS issued a commercial general liability policy to Garcia Building that names Centremarc as an additional insured, with effective dates of coverage from April 11, 2015 to April 11, 2016. Doc. 1 at 4, 8. With certain exceptions and

exclusions, the policy requires AXIS to indemnify Garcia Building and Centremarc if they are liable for damages due to bodily injury, as defined by the policy, and to defend Garcia Building and Centremarc for any suit seeking such damages. *Id.* at 5-7. In October 2015, Valles filed the underlying lawsuit against Garcia Building and Centremarc for injuries he sustained in an accident at a construction site. *Id.* at 11-12. AXIS is defending Garcia Building and Centremarc in Valles's lawsuit pursuant to a reservation of rights. *Id.* at 15. AXIS now asks the court to declare that it has no duty to indemnify or defend Garcia Building and Centremarc. *Id.* at 20-21. For their part, Centremarc and Garcia Building seek declarations that AXIS has a duty to defend and indemnify them. Docs. 7 at 7-8; 46 at 17-18. Centremarc and Garcia Building also assert breach of contract and tort counterclaims against AXIS for the alleged failure to provide coverage for the underlying action. Docs. 7 at 8-11; 46 at 18-27.

## III. ANALYSIS

### A. AXIS's duty to indemnify claims

The defendants first argue that the duty to indemnify claims are not ripe. Docs. 14 at 3-8; 32 at 2-3; 39. Indeed, because the underlying action is still pending,[1] there has been no determination regarding Garcia Building's and

---

[1] The Circuit Court of Jefferson County recently granted Garcia Building summary judgment in the underlying lawsuit. Doc. 31-2 at 2. However, Valles has moved to reconsider. Doc. 44-2. Thus, the claims regarding AXIS's duty to indemnify Garcia Building are not moot.

3

Centremarc's liability in the underlying action, and, as such, the duty to indemnify claims are not ripe for consideration. *See Allstate Ins. Co. v. Employers Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) (citation omitted) ("[N]o action for declaratory relief will lie to establish an insurer's liability in a policy clause contest [] until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."); *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005) (per curiam). Therefore, the court lacks subject matter jurisdiction over these claims. *See Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995) (citation omitted).

B.  AXIS's duty to defend claims

Garcia Building and Centremarc argue next that the court does not have jurisdiction over the duty to defend claims because the amount in controversy is less than the jurisdictional threshold. Docs. 32 at 4-5; 39. The amount in controversy in a declaratory judgment action is "the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). In this case, it is the cost AXIS could incur to defend Centremarc and Garcia Building.

To aid the court in resolving this issue, AXIS submitted an affidavit regarding its defense costs, doc. 44-1, which, unfortunately for AXIS, establishes

4

that the potential defense costs fall short of the jurisdictional threshold.[2] AXIS attests that it employed separate defense counsel for both Garcia Building and Centremarc, and that it "would have incurred in excess of $75,000.00 defending both Garcia Building and Centremarc through [] trial" in the underlying case. Doc. 44-1 at ¶¶ 4-5. It is settled law by now that a plaintiff may not aggregate claims against multiple defendants to satisfy the amount in controversy requirement. *Walter v. Ne. R.R. Co.*, 147 U.S. 370, 374 (1893); *Jewell v. Grain Dealers Mutual Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (citations omitted).[3] Thus, in determining whether the amount in controversy requirement is met, the court must consider the costs AXIS expects to incur in continuing to defend Garcia Building and Centremarc separately, not collectively. According to AXIS, its anticipated costs for defending the underlying matter through trial in the underlying case are in excess of $37,500 per defendant. *See* doc. 44-1 at ¶ 5. AXIS further attests that if an appeal is filed, it would incur an additional $15,000 to $20,000 per defendant. *Id.* at ¶ 5. Accordingly, AXIS's total potential cost to continue defending Garcia Building and Centremarc in the underlying action is between $52,500 and $57,500

---

[2] The costs included $97,995 in costs AXIS incurred through the date it filed this lawsuit. *See* doc. 44-1 at ¶ 3. However, AXIS does not seek reimbursement for these costs in this lawsuit, *see* doc. 1 at 19-21, and, as such, they are not included in the court's analysis.

[3] The decisions of the Fifth Circuit issued before the close of business on October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981)).

5

per defendant, which is well under the $75,000 amount in controversy requirement. Therefore, because AXIS has failed to come forward with sufficient facts to show that its claims satisfy the amount in controversy requirement, the court does not have diversity jurisdiction over AXIS's duty to defend claims.

C. Centremarc's and Garcia Building's Counterclaims

AXIS argues alternatively that the court can exercise supplemental jurisdiction over its claims in light of the defendants' compulsory counterclaims. Doc. 44 at 5-6. Indeed, if a compulsory counterclaim provides an independent basis for federal jurisdiction, a district court may, in its discretion, exercise supplemental jurisdiction over a plaintiff's claims that do not satisfy the amount in controversy requirement. *See* 14AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3706 at 218-219. The court declines to do so here because it does not have jurisdiction over Centremarc's and Garcia Building's counterclaims seeking a declaration that AXIS has a duty to defend and indemnify them in the underlying lawsuit, docs. 7 at 7-8; 46 at 17-18. As stated previously, the legal fees to defend each defendant fall below the jurisdictional threshold and the duty to indemnify claims are not yet ripe. *See* pp. 3-6, *supra*. Similarly, Garcia Building's counterclaim asserting that AXIS waived its right to dispute coverage, doc. 46 at 21-23, is not yet ripe with respect to the

6

indemnity issue and does not meet the amount in controversy requirement with respect to the duty to defend issue. *See* pp. 3-6, *supra*.

Centremarc and Garcia Building also assert breach of contract, bad faith, breach of the enhanced duty of good care, and fraud-based counterclaims based on their allegations that AXIS breached the insurance policy by denying coverage for the underlying lawsuit. Docs. 7 at 8-11; 46 at 18-21, 24-27. But, the pleadings establish that AXIS is providing each with a defense in the underlying action. *See* docs. 1 at 15; 7 at 3; 46 at 22-26; *see also* doc. 31-1 at 2. Although AXIS is defending the lawsuit pursuant to a reservation of rights, docs. 1 at 15; 7 at 3; 46 at 22-26; 31-1, and filed this action seeking a declaration regarding its obligations under the policy, there are no allegations that AXIS has withdrawn from defending the underlying action. Moreover, because the underlying action is still pending and no verdict has been issued against AXIS's insureds, *see* p. 3, *supra*, AXIS has not yet incurred an obligation to indemnify Centremarc and Garcia Building. Thus, AXIS has not yet denied coverage for the underlying action, and the breach of contract and tort counterclaims are not ripe for consideration. As a result, the court does not have subject matter jurisdiction over the counterclaims. *See Cheffer*, 55 F.3d at 1523.

## IV. CONCLUSION

Because the court lacks subject matter jurisdiction over the claims in this action, Valles' and Garcia Building's motions to dismiss, docs. 14 and 32, are due to be granted. A separate order of dismissing this action without prejudice will be entered. Finally, because the court concludes that it does not have jurisdiction over this case, it will not address AXIS's motions to strike discovery, doc. 20, and for partial summary judgment, doc. 23.

**DONE** the 30th day of October, 2018.

*[signature: Abdul Kallon]*

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE